## No. 896

### KILES et v. BRACKNEY.

Ohio Appeals, 1st Dist., Butler Co.

No. 387. Decided Oct. 31, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1100. SPECIFIC PERFORMANCE—997. Real Estate—Specific Performance of contract for sale of real estate, not enforceable when there is cloud on title.

Appeal from Common Pleas.

Findings approved.

Oscar W. Kuhn, Cincinnati, for Kiles, et.
P. P. Boli, Hamilton, for Brackney.

FULL TEXT.

CUSHING, J.

The plaintiffs prosecute an action against the defendant for specific performance of a contract of lease in the property described in the petition, situate in the Village of Oxford, Butler County, Ohio.

The petition recites that they agreed to sell and convey the property to the defendant by general warranty deed. In consideration whereof, the defendant agreed to pay therefor the sum of fifteen hundred dollars, payable in cash. The petition recites that the plaintiffs have performed the conditions of the contract on their part to be performed, and duly executed and acknowledged a deed of general warranty: that defendant has refused to pay said purchase money, and has refused to accept the deed thus tendered.

The plaintiffs acquired whatever title they have from Mary Jane Kiles, by her will. They were given the property for life, and after their death, to their heirs forever.

From the facts as admitted, Mary Jane Kiles used the word "heirs" in a technical sense, as meaning heirs generally, and there is nothing in the will to show that it meant children. The necessary parties, namely, the heirs spoken of in the will, are not before the Court, and, as such, they would not be bound by this action in specific performance, as between the parties hereto.

In the absence of the necessary parties, and as there would be a cloud upon the title, the defendant was not bound to accept the property. A decree similar to that entered in the Court below will be entered here.

(Hamilton, PJ., and Mills, J., concur.)